**BURCH & CRACCHIOLO, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 1700
PHOENIX, AZ 85004
TELEPHONE 602.274.7611

Ryan W. Anderson (Ariz. No. 020974)
Myles M. Lewallen (Ariz. No. 039576)
Email: randerson@bcattorneys.com
Email: mlewallen@bcattorneys.com

Attorneys for Chapter 7 Trustee/Plaintiff Anthony H. Mason

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| Advanced Laser and Eye Center of Arizona, P.C., | Case No. 2:23-bk-01638-BKM |
| Debtor. | |
| Anthony H. Mason, Chapter 7 Trustee | Adv. No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Avoid A Preferential Transfer of Property Pursuant to 11 U.S.C. § 547; Avoid Fraudulent Transfers Pursuant to 11 U.S.C. § 548)** |
| Oceanic Enterprises Limited Partnership. | |
| Defendant. | |

Plaintiff Anthony H. Mason, Chapter 7 Trustee ("Trustee" or "Plaintiff"), alleges for his Complaint against Defendant Oceanic Enterprises Limited Partnership as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is the duly appointed and authorized Chapter 7 Trustee in *In Re Advanced Laser and Eye Center of Arizona P.C.* 2:23-bk-01638-BKM from which this

adversary case arises.

2. At all material times herein, Oceanic Enterprises Limited Partnership ("Oceanic Enterprises") was an Arizona limited partnership with its business address located at 7500 North Black Rock Trail, Paradise Valley, Arizona 85253.

3. At all material times herein, Advanced Laser and Eye Center of Arizona, P.C., ("Debtor") was a corporation organized under the laws of the State of Arizona with a business address of 3303 E. Baseline Rd., Gilbert, Arizona 85234.

4. ZK Management, LLC is the general partner of Oceanic Enterprises. ZK Management, LLC is an Arizona Limited Liability Company and Khousheh Kian ("Kian") is the manager of ZK Management, LLC.

5. Upon information and belief, Kian owns, operates, and controls Oceanic Enterprises.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 544, 547, 548 and 550 and Bankruptcy Rules 7001, *et seq*.

7. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1409(a).

**FACTUAL ALLEGATIONS**

9. Debtor filed a Voluntary Chapter 7 bankruptcy petition on March 16, 2023 (the "Petition Date"). Anthony H. Mason is the duly appointed Chapter 7 Trustee of Debtor's

2

bankruptcy estate (the "Estate").

10. Kian is the spouse of the Debtor's deceased former principal, Kianoush Kian.

11. Kian, under the penalty of perjury, signed the Bankruptcy Petition [Dkt. 1] on March 3, 2023.

12. On or about August 1, 2023, Oceanic Enterprises, through its attorney Shadman Hosseini, filed Claim 17-1 in the underlying bankruptcy case for the total secured amount of $544,000.00.

13. Claim 17-1 contained no written statements setting forth any information concerning Oceanic Enterprises' creditor claim nor provided any evidence of perfection of any security interest by Oceanic Enterprises. The claims register reflected that the creditor for Claim 17-1 was "Oceanicl (Ziba Kian)."

14. On December 11, 2023, the Trustee filed his *Objection to Claim Filed by Oceanicl (Ziba Kian)* [Dkt. 144]. On January 4, 2024, Oceanic Enterprises, through its attorney, filed its *Response to Trustee's Objection to Claim Filed by Oceanic, LLC* [Dkt. 148].

15. Oceanic Enterprises' response contains a "Sworn Statement of Ziba Kian" wherein she admits that she is the "majority owner and managing partner" of Oceanic Enterprises [Dkt. 148-2].

16. Oceanic Enterprises' response also contains an exhibit containing five checks totaling $393,000.00 in transfers from the Debtor to Oceanic Enterprises between October 2022 and November 2022 (the "Check Transfers") [Dkt. 148-5]. Upon information and

3

belief, these checks were never recorded by the Debtor in its accounting software, QuickBooks.

17. On January 16, 2024, Oceanic Enterprises filed its first amended claim for the total amount of $515,395.51. The first amended claim alleged a secured amount of $89,351.51 and an unsecured amount of $426,000.00. Counsel for the Trustee learned that Oceanic Enterprises attempted to perfect the "secured" amount post-petition. Upon detailing the Trustee's objection to post-petition perfection of a security agreement, Oceanic Enterprises submitted its second amended claim on February 22, 2024. Oceanic Enterprises' second amended claim details its unsecured claim in the amount of $515,395.51.

18. Kian is an insider of the Debtor under 11 U.S.C. § 101(31)(B) as she was the spouse of the Debtor's principal in the year prior to the filing of the bankruptcy petition.

19. Following a review of the Debtor's First Citizens Bank account ending in *6510 and the Debtor's accounting software, there was a total of $46,518.51 paid to Oceanic Enterprises in the year prior to the filing of the bankruptcy petition (the "Preference Transfers").

## **COUNT ONE**
*PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C § 547(b)*

20. The Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

21. The Defendant, Oceanic Enterprises, was a creditor of the Debtor at the time of the Transfers.

22. The Debtor failed to disclose the Preference Transfers to Oceanic Enterprises

4

on its Statement of Financial Affairs.

23. Upon information and belief, the Preference Transfers were made for or on account of an antecedent debt owed by the Debtor.

24. Upon information and belief, the Debtor was insolvent at the time of the Preference Transfers.

25. The Debtor made the Preference Transfers to an insider creditor within one year of the Petition Date.

26. The Preference Transfers have enabled the Defendant to receive a greater return on its claim than it would otherwise receive in this Chapter 7 case.

27. Pursuant to 11 U.S.C. §§ 547(b) and 550, the Trustee may avoid and recover the Preference Transfers from the Defendant.

## COUNT TWO

*AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO A.R.S. §44-1004(A)(1)*

28. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

29. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is avoidable under applicable law.

30. Pursuant to A.R.S. §44-1004(A)(1), a transfer made by a debtor is fraudulent as to a creditor if the debtor made such transfer with actual intent to hinder, delay, or defraud any creditor.

31. The Check Transfers to the Defendant between October and November 2022

were transfers of an interest in the property of the Debtor.

32. The Check Transfers to Defendant were for the benefit of insiders.

33. The Check Transfers to Defendant were not disclosed on Debtor's bankruptcy schedules.

34. Upon information and belief, the Debtor did not receive reasonably equivalent value for the Check Transfers to Defendant.

35. Upon information and belief, the Check Transfers were made to Defendant with actual intent to hinder, delay, or defraud Debtor's creditors, including the Internal Revenue Service.

36. Debtor's Check Transfers to Defendant were fraudulent transfers pursuant to A.R.S. § 44-1004(A)(1).

37. Pursuant to A.R.S. § 44-1007(A)(2), Plaintiff may avoid the Check Transfers from Debtor to Defendant and, thus, recover those funds for the benefit of this Bankruptcy Estate.

## COUNT THREE

*FRAUDULENT TRANSFER PURSUANT TO A.R.S. §44-1004(A)(2)*

38. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

39. Pursuant to A.R.S. §44-1004(A)(2), a transfer made by a debtor is fraudulent as to a creditor if the debtor made such transfer without receiving a reasonably equivalent value

and the debtor intended to incur, believed, or reasonably should have believed, that the debtor would incur debts beyond their ability to pay as they became due.

40. Upon information and belief, the Debtor did not receive reasonably equivalent value for the Check Transfers to Defendant.

41. Upon information and belief, subsequent to making the Check Transfers to Defendant, Debtor incurred debts beyond its ability to pay as they became due.

42. Upon information and belief, Debtor and its principals intended to incur, believed, or reasonably should have believed, that the Debtor would incur debts beyond its ability to pay as they became due.

43. Pursuant to A.R.S. § 44-1007(A)(2), Plaintiff may avoid the Check Transfers from Debtor to Defendant and, thus, recover those funds for the benefit of this bankruptcy estate.

44. Debtor's Transfers to Defendant were fraudulent transfers pursuant to A.R.S. § 44-1004(A)(2).

**COUNT FOUR**

*FRAUDULENT TRANSFER PURSUANT TO A.R.S. § 44-1005*

45. Plaintiff realleges and reincorporates the foregoing paragraphs as though fully set forth herein.

46. Pursuant to A.R.S. § 44-1005, a transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the debtor made the transfer without receiving a reasonably equivalent value and the debtor was insolvent at that time or

7

became insolvent as a result of the transfer.

47. Upon information and belief, the Debtor made the Transfers to the Defendant without receiving reasonably equivalent value in return within the meaning of A.R.S. § 44-1005.

48. Upon information and belief, Debtor was insolvent at the time of the Check Transfers or became insolvent as a result of the Check Transfers.

49. The Debtor made the Check Transfers within four years of the Petition Date.

50. Pursuant to A.R.S. § 44-1007(A)(2), and 11 U.S.C. §§ 544 and 550, the Trustee may avoid the Transfer and recover the value of the Transfer for the benefit of the Bankruptcy Estate.

## COUNT FIVE

*FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548*

51. Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

52. Pursuant to 11 U.S.C. § 548(a)(1), the trustee may avoid any transfer of an interest of the debtor in property if the debtor voluntarily received less than a reasonably equivalent value in exchange for such transfer and debtor was insolvent on the date that such transfer was made, or became insolvent as a result of such transfer.

53. The Check Transfers were transfers of an interest in the property of the Debtor.

54. Upon information and belief, the Debtor did not receive reasonably equivalent value for the Check Transfers.

55. Upon information and belief, the Debtor was insolvent at the time of the Check Transfers.

56. Pursuant to 11 U.S.C. §§ 548, Plaintiff may avoid the Check Transfers and, thus, recover those funds from the Defendants for the benefit of the bankruptcy estate.

## **COUNT SIX**

*RECOVERY OF PROPERTY PURSUANT TO 11 U.S.C. § 550*

57. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

58. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. § 548 or § 549 the Trustee may recover, for the benefit of the bankruptcy estate, the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

59. To the extent that the transfer of the payments from the Debtor to the Defendant are avoided pursuant to 11 U.S.C. § 548 § 549, the Plaintiff is entitled to recover the payments from the Defendant, or the value of the payments from the Defendants, for the benefit of the bankruptcy estate.

60. Pursuant to 11 U.S.C. § 550, the Plaintiff may recover the payments made to the Defendant for the benefit of the bankruptcy estate.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant:

a. Avoiding the Preference Transfers pursuant to 11 U.S.C. § 548;

b. For a determination that the Check Transfers made by Debtor to Defendant were fraudulent pursuant to A.R.S. §44-1004;

c. For a determination that the Check Transfers made by Debtor to Defendant were fraudulent pursuant to A.R.S. §44-1005;

d. For avoidance of the fraudulent Check Transfers made by Debtor to Defendant pursuant to A.R.S. §44-1007;

e. Directing the Defendant to turn over to this estate the sum of $46,518.51 for the Preference Transfers pursuant to 11 U.S.C. § 550;

f. Directing the Defendant to turn over to this estate the sum of $393,000.00 for the Check Transfers pursuant to 11 U.S.C. § 550;

g. Awarding Plaintiff's reasonable attorneys' fees, which shall not exceed $2,000.00, if a default judgment is entered;

h. Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed $350.00, if a default judgment is entered; and

i. For such other and further relief as this Court deems just and appropriate under the circumstances.

Dated this 2nd day of June, 2025.

BURCH & CRACCHIOLO, P.A.

*/s/ Ryan W. Anderson*
Ryan W. Anderson
Myles M. Lewallen
Attorneys for the Chapter 7 Trustee/Plaintiff